■ HENRY J. FORD et al., Respondents, v HARVEY WAXMAN, Appellant.— In a mortgage foreclosure action, defendant appeals from an order of the Supreme Court, Orange County, dated January 13, 1975, which granted plaintiffs' motion for summary judgment. Order affirmed, with $50 costs and disbursements. The question before us is whether the papers submitted on the motion raise issues of fact which require a trial. Defendant purchased certain property from plaintiffs, who took back a purchase-money mortgage from him as the sole mortgagor. At the closing, which defendant did not attend, plaintiffs were evidently informed that one half of each mortgage payment would be paid by another, one Ernest Seidenfeld, for Land Tech Realty. No writing attests to the arrangement. Neither Land Tech Realty nor Ernest Seidenfeld signed the bond or mortgage and neither of them is a party to the action. Four semiannual payments were made and accepted under the oral arrangement. Defendant's checks were all dated within the grace period but not on the due date. (The Land Tech Realty checks, except for the one discussed below, have not been made a part of the record.) Defendant paid one half of the amount due on February 1, 1974 by his check dated March 1, 1974. A check for the other half, dated March 5, 1974, from Land Tech Realty, which was signed by Ernest Seidenfeld, was returned marked "insufficient funds". Plaintiffs thereupon commenced the instant action, thereby affirming their election to demand payment in full and to accelerate the indebtedness. They obtained a default judgment, which was later set aside; defendant's answer, in sum a general denial, was reinstated. Plaintiffs then brought on this motion for summary judgment, during the pendency of which settlement negotiations failed. In opposition, defendant contends that plaintiffs' acquiescence in the dual-payment arrangement raises issues of bad faith, fraud and oppressive or unconscionable conduct because plaintiffs failed to notify him of the default in order to allow him to cure it, before they elected to accelerate the indebtedness and demand payment in full. Plaintiffs were not so obligated. There is no basis upon which to premise bad faith or oppressive or unconscionable conduct. Defendant's second contention is that an issue of waiver is raised. The record does not demonstrate knowledgeable acceptance of late payments over an extended period which would constitute a waiver of the right to insist upon timely payments. Defendant's third contention is that summary judgment must be denied because his failure to pay the required taxes and insurance was not willful and because he had no notice of such a default. Assuming, *arguendo,* that defendant is correct, the plaintiffs were given the option to accelerate either upon a default in the payments of interest or of principal *or* upon a default in the payment of taxes or insurance. Martuscello, Acting P. J., Latham, Margett and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the order and deny the motion, with the following memorandum: In my opinion there is a triable issue of fact in this case which negates plaintiffs' right to summary judgment. Concededly, plaintiffs were parties to an arrangement in which the semiannual payments of principal and interest were to be made one half by the defendant mortgagor and the other half by Land Tech Realty. Defendant made his usual one-half payment for the installment due on February 1, 1974 by check dated March 1, 1974. Land Tech Realty's check, for its one half, dated March 5, 1974, was returned to plaintiffs by the bank for "insufficient

funds". When defendant learned of this from plaintiffs, he immediately forwarded his check for the other half of the installment, but that check was returned to defendant's lawyer by plaintiffs' lawyer with a statement that "The mortgagees in the above matter have advised me that they are tired, tired, tired and as a result I am returning Mr. Waxman's check. Please be advised that Mr. and Mrs. Ford desire payment in full with interest." In view of the acquiescence by plaintiffs in the "half and half" arrangement, and the fact that defendant immediately made good Land Tech Realty's default in the payment due from it, I do not believe that summary judgment is warranted.