■ WILLIAM E. BOWERS et al., Respondents, v PETER J. ZAIMES, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 4, 1977 in Sullivan County, which granted a motion by plaintiffs for summary judgment. This is an action to foreclose a mortgage executed by defendant on December 29, 1973 in order to secure financing for the purchase of three parcels of land from plaintiffs. The bond and mortgage provided for quarterly payments of principal, plus interest on the unpaid balance, on the first day of April, July, October and January, respectively, over a 10-year period, with the first payment to be made on April 1, 1974. The defendant failed to make his first payment in April, 1974 and was notified by plaintiffs' attorney on May 29, 1974 that he was in default and in

danger of having the mortgage foreclosed. The defendant finally made the first payment on June 13, 1974 and, after further pressure by plaintiffs, made the second payment on August 6, 1974. No payment was made in October, 1974, but two payments were made in January, 1975. No payments were made during April or October, 1975, but two payments were made in July, 1975 and January, 1976, respectively. On July 17, 1976 plaintiffs instituted this action seeking, pursuant to paragraph 4 of the subject instrument, a statutory acceleration clause (Real Property Law, § 254, subd 2), payment of the entire unpaid balance due thereunder. The basis of the election to accelerate was defendant's failure to make the April, 1976 payment. A subsequent tender, on August 10, 1976 of checks for the April and July, 1976 payments was duly rejected. On this appeal from Special Term's order granting summary judgment to plaintiffs, defendant makes two principal claims, neither of which has merit. The instant mortgage contains the statutory acceleration clause, with no requirement of notice and demand. Consequently, despite defendant's argument to the contrary, plaintiffs had the right to exercise the acceleration option anytime after the expiration of the grace period without serving a notice of default or demand for payment *(Ferlazzo v Riley,* 278 NY 289; *Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472; 14 Carmody-Wait 2d, NY Prac, § 92:38). As to defendant's further argument that plaintiffs have waived the right to accelerate by adopting a policy of "continuously accepting semi-annual rather than quarterly payments", we agree with Special Term that the record herein "does not demonstrate knowledgeable acceptance of late payments over an extended period which would constitute a waiver of the right to insist upon timely payments" *(Ford v Waxman,* 50 AD2d 585; see, also, 14 Carmody-Wait 2d, NY Prac, §§ 92:46, 92:50, 92:51). We find no issues of fact in this record sufficient to defeat plaintiffs' application for summary judgment. Order affirmed, with costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.