■ DIME SAVINGS BANK OF NEW YORK, Formerly Known as THE DIME SAVINGS BANK OF BROOKLYN, Respondent v RICHARD P. DOOLEY et al., Appellants, et al., Defendants. — In a mortgage foreclosure action, the appeal is from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated May 16, 1980, as granted that branch of the plaintiff's motion which was for summary judgment. Order affirmed, insofar as appealed from, with $50 costs and disbursements. In opposition to the motion for summary judgment in this action to foreclose a mortgage on their personal residence, appellants make two contentions. First, they maintain that plaintiff's previous acceptance of

late payments beyond the grace period raises a triable issue as to whether they were led to believe, essentially, that such payments would always be accepted. Nothing in the affidavits or pleadings suggests that appellants were misled into believing that plaintiff was waiving its right to accelerate the indebtedness or that they could so establish upon a trial (cf. *Ford v Waxman,* 50 AD2d 585). Appellants' second contention is that they have raised factual issues concerning their tender of payment of the amount past due. The contention has no merit. Appellant Richard Dooley's affidavit states that tender of payment was made following the service of the summons and complaint. Tender sufficient to cure the default had to have been made prior to plaintiff's clear election to accelerate the indebtedness (see *Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472). No such claim is made by the appellants. Even though their brief on appeal (contrary to the affidavit) speaks of two tender offers, one of which was prior to the service of the summons, there is no assertion that such tender was made prior to plaintiff's election to accelerate the indebtedness. Appellants' reliance on RPAPL 1341 is misplaced. That statute has no application to the present case. Hopkins, J.P., Damiani, Gibbons and Weinstein, JJ., concur.