■ IRVING MARIASH, Appellant, v FELIX BASTIANICH et al., Respondents, et al., Defendant. — Order, Supreme Court, New York County (Tyler, J.), entered on or about February 10, 1982, which denied plaintiff-appellant's motion for summary judgment in this mortgage foreclosure action, reversed, on the law, and motion granted, with costs. The mortgagee is entitled to enforce an acceleration clause in his contract in the absence of waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct (*Graf v Hope Bldg. Corp.*, 254 NY 1; *Ferlazzo v Riley*, 278 NY 289). Defendants do not urge that plaintiff is guilty of bad faith, fraud or oppressive or unconscionable conduct. They do rely on waiver or estoppel. However, this record " 'does not demonstrate knowledgeable acceptance of late payments over an extended period which would constitute a waiver of the right to insist upon timely payments' " or an estoppel (*Bowers v Zaimes*, 59 AD2d 803, 804; *Ford v Waxman* 50 AD2d 585). Concur — Sandler, J. P., Carro and Lupiano, JJ.

Bloom and Milonas, JJ., dissent in a memorandum by Milonas, J., as follows: I would affirm the order denying appellant's motion for summary judgment. In February of 1979, defendants-respondents Bastianich purchased a building from plaintiff-appellant Mariash and executed a purchase-money mortgage in the amount of $450,000 with interest at the rate of 9½% for a period of 10 years. Pursuant to the terms of the mortgage, payments were due between the 9th and 24th of each month under a 15-day grace clause. Respondents renovated the ground-level portion of the premises for a cost in excess of $750,000 and established a restaurant there. Although the restaurant is now purported to be highly successful, the respondents were initially confronted with a cash flow problem which, according to respondents, resulted in the mortgage installments being tendered and accepted late from the outset. Appellant, however, disputes the contention that the payments were late, since he claims that they were made within the grace period. In January of 1981, the parties entered into a written agreement modifying the mortgage, which provided, in part, for a $50,000 reduction of the principal. The contract contains such statements as: "Whereas said bond and mortgage are now in default," and "Whereas approximately $50,000 became due on or about May 1, 1980 which sums were not paid," and "Whereas B&B have regularly been late in their required monthly installment payments, to a total accumulation of date of about 160 days". The March, 1981 installment was timely paid. The payment due on April 9, 1981 was made on May 15, 1981 under a separate agreement which called for $52.80 additional interest. At that time, the May payment had not yet been tendered. On May 27, 1981, the respondents mailed a check representing the regular payment plus the $52.80 late charge which had been imposed in connection with the April installment. The respondents claim that the appellant, upon receiving this payment, telephoned one of the respondents, Mrs. Bastianich, and requested that she redraw the amount remitted into two separate checks, one for the May payment and the other for the late charge. This is contradicted by the appellant, who also denies respondents' allegation that two replacement checks were thereupon brought to appellant's office but were refused. On June 27, 1981 appellant's counsel notified respondents of their intention to institute

appropriate action with regard to the default under the note and mortgage. The respondents continued to send monthly payments, which were held but not deposited by the appellant, until January of 1982 when he advised respondents that he had deposited the checks without waiving the default. In response to the instant mortgage foreclosure action, the respondents argue that the appellant has expressly and impliedly waived his right to strict compliance of the terms of the mortgage. Special Term, in denying appellant's motion for summary judgment, found that a question of fact exists as to whether the mortgagee waived the requirement of prompt payment so as to necessitate a trial. In view of the sentences within the modification agreement declaring the Bastianichs to be in default, thereby indicating a possible recognition by appellant of prior tardy repayment by the respondents, the acceptance by the mortgagee of the late April, 1981 installment, and respondents' assertion that appellant advised Mrs. Bastianich to split the May payment into two checks, a demand with which she attempted to comply, there is a genuine issue of fact as to whether the record demonstrates a course of conduct on the part of respondents, including oral representations, such as would constitute a waiver of the right to insist upon the prompt tender of payment (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175; see, also, *Bowers v Zaimes,* 59 AD2d 803; *Ford v Waxman,* 50 AD2d 585). In *Nassau,* the Court of Appeals recently held that the granting of summary judgment was inappropriate where the appellant's affirmative defenses rested upon oral representations made by respondent at three meetings at which it allegedly agreed to waive any default in payment of the mortgage. The trier of fact could find, if the facts so warranted, a waiver of the right to declare a default. Consequently, the court below properly held that summary judgment was inappropriate, and the order should be affirmed.