■ STUART LINDENMAN, Respondent, v KATHLEEN M. LINDENMAN, Appellant. [734 NYS2d 95] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered February 15, 2000, which, after a nonjury trial, *inter alia,* awarded the plaintiff custody of the parties' two children and imposed certain restrictions on her visitation with the children.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In the middle of a nonjury trial, the attorneys for the defendant informed the trial court that she wanted to discharge them. Upon inquiry by the trial court, the defendant initially

stated that she wanted to discharge her attorneys. She then appeared to change her mind when the trial court informed her that it would not adjourn the trial in order to permit her to retain new counsel. The trial court also noted that the defendant had previously discharged counsel during the course of the litigation as a delay tactic. In the colloquy that followed, the defendant refused to definitively state whether she wanted to discharge her attorneys.

When the trial court asked the defendant for the final time whether she wanted to discharge her attorneys, she replied "I did say I would like new counsel." The court deemed this statement to be tantamount to a discharge and allowed her attorneys to leave. The defendant then proceeded *pro se*. Thereafter, the trial court advised the defendant that if she appeared with new counsel, it would consider the matter anew and strike the record up to the point where her attorneys had been discharged. The defendant did not take advantage of the trial court's offer, and proceeded *pro se* at trial.

The trial court properly determined that the defendant's decision to discharge her counsel was made knowingly and voluntarily (*see, Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694). Moreover, under the circumstances, the defendant was not entitled to an adjournment to retain new counsel (*see, Natoli v Natoli*, 234 AD2d 591, 592).

The defendant's contention that the restrictions imposed on her visitation with the children are excessive is without merit, as they were supported by the evidence (*see, Janousek v Janousek*, 108 AD2d 782, 784).

The defendant's remaining contentions are without merit. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.