■ STEVEN A. MURILLO et al., Respondents, v MICHAEL T. PODGURSKI, Appellant. (And a Third-Party Action.) (Action No. 1.) MICHAEL T. PODGURSKI, Appellant, v CABLEVISION et al., Defendants, and SUFFOLK COUNTY WATER AUTHORITY et al., Respondents. (Action No. 2.) [811 NYS2d 106]—

In two related actions, which were joined for trial, concerning disputed boundary lines and easement rights with respect to properties abutting the property owned by Michael T. Podgurski, the appeal is from a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered October 20, 2003, which, after a

nonjury trial, inter alia, (1) incorporated a stipulation of settlement entered into by the parties in both actions which settled the first action and partially settled the second action, (2) determined that a 1989 stipulation between Michael T. Podgurski and an adjoining landowner had no legal effect on the instant disputes, except with respect to those parties' acknowledgment of the location of the westerly boundary of Michael T. Podgurski's property, (3) determined that a 1997 stipulation between Michael T. Podgurski and an adjoining landowner was null and void, and (4) determined the westerly boundary line of Michael T. Podgurski's property.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The trial court properly exercised its discretion in denying the application for an adjournment by Michael T. Podgurski, who was appearing as the defendant pro se on the fifth cause of action asserted against him in action No. 1 and as the plaintiff pro se in action No. 2. The application was made on the fourth day of the joint trial on both actions, on the ground that his title insurance company had just agreed to retain counsel on his behalf on those matters. Podgurski's prior counsel, who had represented him in defense of the fifth cause of action in action No. 1 and prosecuted his claims in action No. 2, had withdrawn 10 weeks before the joint trial, and Podgurski had elected to proceed pro se on those matters in advance of the joint trial. In fact, he had proceeded pro se during the first three days of the joint trial prior to making the application for an adjournment. Under the circumstances, the trial court properly exercised its discretion in denying the motion (see Lindenman v Lindenman, 288 AD2d 352 [2001]; Natoli v Natoli, 234 AD2d 591 [1996]; Matter of Silvestris v Silvestris, 24 AD2d 247 [1965]).

Further, there is no evidence to warrant setting aside the parties' stipulation of settlement entered into in open court and incorporated into the judgment appealed from. In his allocution with respect to that stipulation of settlement, Podgurski, appearing pro se, affirmed in open court that he had knowingly and voluntarily entered into the stipulation of settlement, and that his agreement thereto was not the product of duress, coercion, fraud, or overreaching (see Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497 [2001]; Kazimierski v Weiss, 252 AD2d 481 [1998]; Furey v Furey, 230 AD2d 708 [1996]).

Further, we find no reason to disturb the trial court's determination that the median of Pringle Road was the western boundary of Podgurski's property. Podgurski's entry into a 1989

stipulation of settlement to resolve a prior property dispute effectively acknowledged that the median of Pringle Road was his property's western boundary.

Podgurski's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.