In the Matter of BOBI JO B., Appellant, v JERRY L.W., Respondent. (Proceeding No. 1.) In the Matter of JERRY L.W., Respondent, v BOBI JO B., Appellant. (Proceeding No. 2.) [845 NYS2d 586]—

Appeal from an order of the Family Court, Steuben County (Timothy K. Mattison, J.H.O.), entered April 12, 2005 in a proceeding pursuant to Family Court Act article 6. The order, among other things, transferred primary physical placement of the parties' child from petitioner-respondent to respondent-petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: Petitioner-respondent, the mother of the child at issue herein, appeals from an order that, inter alia, modified the existing custody arrangement by transferring primary physical placement of the parties' child from the mother to respondent-petitioner, the child's father. Less than two weeks before the scheduled trial, the mother informed Family Court that her retained counsel had refused to represent her for their previously agreed-upon fee, and she requested an adjournment of 30 days to enable her to retain new counsel. The court denied her request, and the court thereafter received a consent to change attorney form signed by the mother prior to the court's denial of her request for an adjournment. The form purported to substitute an "unknow[n] attorney" for the mother's retained counsel. When the mother appeared on the scheduled trial date without representation and again requested an adjournment, the court again denied the request, and the mother was forced to proceed pro se.

We conclude that the court abused its discretion in refusing to grant the mother's request for an adjournment to retain counsel (*cf. Matter of Matthew K. v Susan O.*, 37 AD3d 1119 [2007], *lv denied* 8 NY3d 811 [2007]; *Matter of Nicole A.*, 305 AD2d 1039 [2003]). The record establishes that the mother's request was not a delay tactic (*see generally Lindenman v Lindenman*, 288 AD2d 352 [2001]), nor did it result from her lack of diligence in seeking new representation (*cf. Barnaby v Barnaby*, 259 AD2d 870, 871 [1999]; *Matter of Sara KK.*, 226 AD2d 766, 767 [1996], *lv denied* 88 NY2d 808 [1996]). We conclude under the circumstances of this case that the consent to change attorney form signed by the mother was not a knowing, willing and voluntary waiver of her right to counsel (*see Matter of Meko M.*, 272 AD2d 953 [2000]). We therefore reverse the order and grant a new trial. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.