In the Matter of the Adoption of NICOLE J. JOSHUA A.A. et al., Respondents; STEPHEN H.J., Appellant. [896 NYS2d 918]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered December 16, 2008 in an adoption proceeding. The order, inter alia, dispensed with the consent of respondent to the adoption of the subject child.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Monroe County, for a new hearing.

Memorandum: Respondent, the biological father of the child who is the subject of this proceeding (hereafter, father), appeals

from an order that dispensed with his consent to the adoption of the child and allowed the adoption of the child by petitioners to proceed without any further notice to the father. On October 14, 2008, the father was served with the petition seeking to allow petitioners to adopt the child. On December 1, 2008, the father's attorney appeared on behalf of the father for the first court appearance on the petition, and Family Court informed him that a hearing on the merits of the petition was to take place that day. The father's attorney requested an adjournment until January 12, 2009 on the ground that he was unaware that the hearing was scheduled to take place that day, but the court denied the request and went forward with the hearing.

We conclude that the court abused its discretion in denying the request of the father's attorney for an adjournment (*see generally Matter of Bobi Jo B. v Jerry L.W.*, 45 AD3d 1382, 1383 [2007]; *Matter of Jackson v Lee*, 96 AD2d 760 [1983]). There is no evidence in the record that the father had notice that the hearing was scheduled to occur on December 1, 2008. Moreover, the record establishes that the proceedings were not protracted, that this was the father's first request for an adjournment and, indeed, that the court had adjourned proceedings concerning the child's biological mother to the precise adjournment date sought by the father. Under these circumstances, we conclude that the court should have granted the request of the father's attorney for an adjournment to enable the father to prepare for the hearing (*see generally Matter of Stephen L.*, 2 AD3d 1229, 1231 [2003]). We therefore reverse the order and remit the matter to Family Court for a new hearing.

In light of our determination, we do not address the father's remaining contention. Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.