# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**984**

**CAF 13-00754**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF TYLER W., MIKELLA T.,
JOHN S., III AND JADEN T.

---------------------------------------

CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

STACEY S., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.

BARBARA L. WIDRIG, MAYVILLE, FOR PETITIONER-RESPONDENT.

SHERRY A. BJORK, ATTORNEY FOR THE CHILDREN, FREWSBURG.

---

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered April 5, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the disposition and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Chautauqua County, for a new dispositional hearing.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order finding that she neglected the subject children and placing the children in petitioner's custody. At the outset, we reject petitioner's contention that this appeal was rendered moot when the mother consented to a subsequent finding of neglect (*see Matter of Karm'Ny QQ. [Steven QQ.]*, 114 AD3d 1101, 1101-1102), inasmuch as "the finding of neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings" (*Matter of Jamiar W. [Malipeng W.]*, 84 AD3d 1386, 1386-1387).

We reject the mother's contention that Family Court's finding of neglect was not supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). "Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference" (*Matter of Todd D.*, 9 AD3d 462, 463). We reject the mother's further contention that reversal is required based on the court's admission of inadmissible hearsay, i.e., a hearsay statement

made by the mother's boyfriend.  Any error in the admission of that statement is harmless because " 'the result reached herein would have been the same even had such [statement] been excluded' " (*Matter of Alyshia M.R.*, 53 AD3d 1060, 1061, *lv denied* 11 NY3d 707; *cf. Matter of Leon RR*, 48 NY2d 117, 121).  At the fact-finding hearing, petitioner established that the physical, mental or emotional condition of the children was in imminent danger of becoming impaired, based on evidence that the mother frequently exposed the subject children to domestic violence, drug use, her own mental instability, and other unsafe conditions (*see* § 1012 [f] [i] [B]; *Matter of Afton C. [James C.]*, 17 NY3d 1, 9; *Matter of Jayden B. [Erica R.]*, 91 AD3d 1344, 1345; *Matter of Hailey W.*, 42 AD3d 943, 943-944, *lv denied* 9 NY3d 812).

We agree with the mother, however, that the court abused its discretion in denying her attorney's request to adjourn the dispositional hearing because the mother was unable to attend.  While it is not an abuse of discretion for the court to deny a request for an adjournment where no reason for the parent's absence has been given (*see Matter of Evelyn R. [Franklin R.]*, 117 AD3d 957, 957-958), here, there was "good cause" to adjourn the hearing (*see* Family Ct Act § 1048 [a]).  In addition, it appears from the record that the proceedings in this matter were not protracted, and that this was the mother's first request for an adjournment (*see Matter of Nicole J.*, 71 AD3d 1581, 1582).  We therefore modify the order by vacating the disposition, and we remit the matter to Family Court for a new dispositional hearing.  In light of our determination, we do not reach the mother's remaining contention.

Entered:  October 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court