# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**764**
**CA 15-00559**
PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

DAMING ZHU, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

YE CHENG, DEFENDANT-APPELLANT.

---

TULLY RINCKEY PLLC, ALBANY (HEATHER L. YOUNGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA.

---

Appeal from a judgment of the Supreme Court, Onondaga County (Martha Walsh Hood, A.J.), entered December 15, 2014. The judgment, insofar as appealed from, awarded primary physical custody of the parties' minor child to plaintiff.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the fifth decretal paragraph is vacated and the matter is remitted to Supreme Court, Onondaga County, for a new custody hearing.

Memorandum: Defendant mother, as limited by her brief, appeals from a judgment that, inter alia, awarded plaintiff father primary physical custody of the parties' minor child. On the morning of trial, defendant's counsel withdrew from representation for nonpayment of legal fees, and defendant requested an adjournment to enable her to obtain new counsel and the testimony of witnesses. Supreme Court denied her request, and defendant thus was forced to proceed pro se.

We conclude that the court abused its discretion in denying defendant's request for an adjournment (*see Matter of Bobi Jo B. v Jerry L.W.*, 45 AD3d 1382, 1383; *cf. Matter of Grice v Harris*, 114 AD3d 1276, 1276). The record establishes that defendant's request was not a delay tactic and did not result from her lack of diligence (*see Bobi Jo B.*, 45 AD3d at 1383; *cf. Matter of Sophia M.G.-K. [Tracy G.-K.]*, 84 AD3d 1746, 1747). We also agree with defendant that the court's refusal to grant defendant an adjournment to obtain new counsel resulted in the absence of a full and complete record upon which the court could render an adequate and informed decision. "The custody determination of the trial court generally is entitled to great deference . . . , but [s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record" (*Matter of Amrane v Belkhir*, 141 AD3d 1074, 1075 [internal quotation marks omitted]).

We therefore reverse the judgment insofar as appealed from, vacate the fifth decretal paragraph, concerning custody, and remit the matter to Supreme Court for a new custody hearing. Pending the court's determination upon remittal, the custody and visitation provisions in the judgment appealed from shall remain in effect.

Entered: September 30, 2016                      Frances E. Cafarell
                                                  Clerk of the Court