■ In the Matter of NEVAEH D.J., a Child Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Re-

spondent; DANIEL J., Appellant; JANELLE J., Respondent. [54 NYS3d 268]—

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered January 15, 2016 in a proceeding pursuant to Family Court Act article 10. The order granted custody of the subject child to Kimberly J.S.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this neglect proceeding against respondent father and respondent mother, and the mother admitted neglecting the child. The father failed to appear at multiple court appearances and, although his attorney appeared at the fact-finding hearing, she elected not to participate. The grandmother thereafter filed petitions for custody against the father and the mother, but then withdrew the petition against the father. At a hearing on petitioner's neglect petition and the grandmother's custody petition, the mother consented to custody being granted to the grandmother, but the father's counsel objected. The father now appeals from an order that ordered that, pursuant to Family Court Act § 1055-b, a final order of custody under Family Court Act article 6 was awarded to the grandmother, and no further review was required on the neglect petition. We reverse.

The father initially contends that the finding of neglect should be vacated because he was denied effective assistance of counsel based on his counsel's failure to participate in the hearing, and he did not have notice of the hearing. Those contentions are not reviewable on this appeal inasmuch as the finding of neglect was made upon the father's default (*see Matter of Makia S. [Catherine S.]*, 134 AD3d 1445, 1445 [2015]; *Matter of Lastanzea L. [Lakesha L.]*, 87 AD3d 1356, 1356 [2011], *lv dismissed in part and denied in part* 18 NY3d 854 [2011]).

We agree with the father, however, that Family Court erred in granting custody to the grandmother without first determining whether extraordinary circumstances existed. Pursuant to Family Court Act § 1055-b, in an article 10 proceeding a court may grant custody to a relative but, if any parent fails to consent to granting the petition for custody, the court must find, inter alia, that the relative has "demonstrated that extraordinary circumstances exist that support granting" such an order of custody (§ 1055-b [a] [iv] [A]; *see Matter of James*

*GG. v Bamby II.*, 85 AD3d 1227, 1228 [2011]; *see generally Matter of Devon EE. [Evelyn EE.]*, 125 AD3d 1136, 1138 [2015], *lv denied* 25 NY3d 904 [2015]). Here, the court made no such findings. We therefore reverse the order and remit the matter to Family Court for further proceedings in accordance with section 1055-b (a). Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.