Premier Ford NY, Inc. v Ryan (2018 NY Slip Op 04018)





Premier Ford NY, Inc. v Ryan


2018 NY Slip Op 04018


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-09009
2016-12055
2017-01833
 (Index No. 20234/10)

[*1]Premier Ford NY, Inc., et al., respondents, 
v
Richard Ryan, et al., appellants.


Fischer Porter & Thomas, P.C., New York, NY (Aaron E. Albert of counsel), for appellants.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY (Sheldon Eisenberger of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, conversion, and fraud, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated July 5, 2016, (2) an order of the same court dated October 13, 2016, and (3) a judgment of the same court (Edward A. Maron, J.) entered November 22, 2016. The order dated July 5, 2016, granted the plaintiffs' motion to enforce a so-ordered stipulation of settlement entered into by the parties on the record in open court. The order dated October 13, 2016, denied the defendants' motion for leave to reargue and renew their opposition to the plaintiffs' motion to enforce the so-ordered stipulation of settlement. The judgment is in favor of the plaintiffs and against the defendants in the total sum of $251,184.05.
ORDERED that the appeal from so much of the order dated October 13, 2016, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeals from the order dated July 5, 2016, and from so much of the order dated October 13, 2016, as denied that branch of the defendants' motion which was for leave to renew are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeals from the order dated July 5, 2016, and from so much of the order dated October 13, 2016, as denied that branch of the defendants' motion which was for leave to renew must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the order dated July 5, 2016, and from so much of the order dated October 13, 2016, as denied that branch of the defendants' motion which was for leave to renew are brought up for review and have been [*2]considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs, several automobile dealerships and their principal, commenced this action against the defendants to recover damages for breach of contract, conversion, and fraud arising from the defendants' withholding of certain payments made by the plaintiffs to the defendants for remittance to a third party. Following lengthy litigation, and during the trial of the action, the parties entered into a stipulation of settlement on the record in open court, pursuant to which the defendants agreed to pay the plaintiffs a reduced sum in settlement of the action. Payment was to be made by the defendants in equal quarterly installments over a period of three years, and in the event of the defendants' failure to timely pay a late installment after receiving a written notice of default and opportunity to cure, the plaintiffs would be entitled to enter a judgment against them in a greater agreed amount (minus any payments already made by the defendants), plus interest at the statutory rate of 9%, plus all legal fees incurred by the plaintiffs in the commencement and litigation of the action and in the collection of the judgment. The parties stipulated to the terms of the settlement agreement, and the stipulation of settlement was so ordered by the Supreme Court.
The defendants made several timely payments under the stipulation. However, the defendants subsequently made two payments beyond their due dates but before the plaintiffs could send the defendants notices of default and opportunities to cure the deficiencies. The defendants also failed to make timely payments on two other occasions, and the plaintiffs sent the defendants notices of default. With respect to the first of these missed installments, the defendants subsequently made the payment within the stipulated cure period set forth in the notice of default. With regard to the second of these installments, the defendants made the payment slightly beyond the cure period. However, it is undisputed that, while the plaintiffs accepted this late payment, they advised the defendants that they were doing so only as a one-time accommodation to the defendants. After the next quarterly payment also was not made within the cure period following the defendants' receipt of a notice of default, the plaintiffs moved pursuant to CPLR 2104 to enforce the stipulation of settlement. By order dated July 5, 2016, the Supreme Court granted the motion. By order dated October 13, 2016, the court denied the defendants' motion for leave to renew and reargue their opposition to the plaintiffs' motion to enforce the stipulation of settlement. On November 22, 2016, a judgment was entered in favor of the plaintiffs and against the defendants in the total sum of $251,184.05, in accordance with the terms of the stipulation of settlement.
Stipulations of settlement, especially those entered into on the record in open court, are favored by the courts and generally are strictly enforced (see Hallock v State of New York, 64 NY2d 224, 230; McClorey v McClorey, 153 AD3d 1252). A party opposing the enforcement of a stipulation of settlement has the burden of establishing grounds sufficient to invalidate a contract, such as duress, fraud, or overreaching (see Pieter v Polin, 148 AD3d 1191, 1192; Lopez v Muttana, 144 AD3d 871; Sweeney v Sweeney, 71 AD3d 989, 991-992). "Absent such proof, a stipulation that is fair on its face will be enforced" (Borghoff v Borghoff, 8 AD3d 519, 520; see Murillo v Podgurski, 27 AD3d 437, 438).
Here, contrary to the defendants' contention, the plaintiffs did not engage in a course or pattern of conduct that gave rise to a waiver of their right to enforce the terms of the stipulation of settlement. Rather, the evidence in the record unequivocally establishes that the plaintiffs accepted a payment beyond the cure period after sending the defendants a notice of default on only one occasion, and the defendants were advised that said acceptance was being made as a one-time accommodation to them. Under these circumstances, no pattern or course of accepting post-cure period payments was established, and the defendants could not reasonably conclude from this single instance that the plaintiffs were voluntarily relinquishing their right to enforce the stipulation's terms (see Southold Sav. Bank v Cutino, 118 AD2d 555, 556; Dime Sav. Bank of N.Y. v Dooley, 84 AD2d 804, 805; Bowers v Zaimes, 59 AD2d 803, 804; Ford v Waxman, 50 AD2d 585).
The defendants' remaining contention, raised for the first time on appeal, is not properly before this Court (see Lopez v Muttana, 144 AD3d 871, 872; Delijani v Delijani, 100 AD3d 951, 953; Eastern Capital Group, LLC v 26 Realty Bldrs. USA, Inc., 81 AD3d 686, 687).
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court