Rajic v Faust (2018 NY Slip Op 06582)





Rajic v Faust


2018 NY Slip Op 06582


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-02850
 (Index No. 16555/10)

[*1]Stoja Rajic, appellant, 
v
Donna Faust, etc., respondent.


Andrew D. Brodnick, Rye Brook, NY, for appellant.
Craig T. Bumgarner, P.C., Carmel, NY, for respondent.



DECISION & ORDER
In a consolidated action for declaratory relief and to foreclose a mortgage, the plaintiff appeals from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Francesca Connolly, J.), entered January 14, 2016. The judgment, insofar as appealed from, confirmed a referee's report and is in favor of the defendant in the principal sum of $591,317.18.
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The appellant, Stoja Rajic, worked as a companion to the decedent, Noreen Sander, an elderly woman who needed help with her daily activities, from 1996 until Sander's death in 2006. In 2002, the decedent sold her residence to Rajic subject to a life estate in the decedent's favor, in exchange for a purchase money note and mortgage in the amount of $274,000. Pursuant to the note, Rajic was required to make monthly payments in the sum of $1,963.02 to the decedent. In 2004, the decedent executed a satisfaction of mortgage, notwithstanding that at that time, Rajic had only made mortgage payments totaling approximately $80,000. After the decedent's death in 2006, her family learned that the decedent's residence was now owned by Rajic, and that the decedent's latest will left all of her assets to Rajic. In 2006, Donna Faust, the decedent's niece, as the executor of the decedent's estate, commenced an action in the Surrogate's Court, Westchester County, to contest the will and to conduct discovery to ascertain the whereabouts of the decedent's assets. Following discovery, which included a deposition of Rajic, the court declared the will invalid, as obtained under circumstances of undue influence, and found that $352,000 of the decedent's assets had disappeared. In April 2010, the parties entered into a stipulation of settlement, which was so-ordered by the court on June 10, 2010, pursuant to which, inter alia, the satisfaction of mortgage was vacated and the note and mortgage reinstated, and the estate provided a general release, with the exception of the mortgage and note, to Rajic. After the parties entered into the stipulation, Rajic hired an accountant to calculate the remainder of her mortgage debt and determine the amount she should pay per month. Based on the accountant's calculations, Rajic resumed making mortgage payments to the estate, but in the amount of $1,373.27 per month, instead of the $1,963.02 required by the note and mortgage. The estate rejected the payments.
In July 2010, Rajic commenced an action in the Supreme Court, Westchester County, for a judgment declaring her indebted to the estate in an amount that she contended represented what remained due and owing pursuant to the note and mortgage. On August 16, 2010, Faust, as the [*2]executor of the decedent's estate (hereinafter the respondent), commenced an action to foreclose the mortgage, and for other related relief. The actions were consolidated. A trial was held on the consolidated action, at which the parties testified, as well as the attorney who had represented the estate in the Surrogate's Court. In an order dated May 31, 2013, the Supreme Court found, inter alia, that Rajic had exercised undue influence over the decedent and had been unscrupulous in handling the decedent's financial affairs to benefit herself. Although the court credited Rajic for mortgage payments she had made, it determined that she had defaulted on March 1, 2004, and that the date of acceleration was August 16, 2010, which was the date that the respondent commenced the action to foreclose. The court also appointed a referee to calculate the amount owed by Rajic. The judgment of foreclosure and sale appealed from, inter alia, confirmed the referee's report and is in favor of the respondent in the principal sum of $591,317.18.
There is no merit to Rajic's contention that her alleged improprieties were not at issue in the trial of the consolidated action. The general release contained in the stipulation of settlement so-ordered by the Surrogate's Court in June 2010 expressly excepted the mortgage and the note from its coverage. Therefore, all issues relevant to determining the action to foreclose the mortgage were properly addressed and determined by the Supreme Court following the trial of the consolidated action.
"[A] foreclosure action is equitable in nature and triggers the equitable powers of the court" (U.S. Bank N.A. v Losner, 145 AD3d 935, 937 [internal quotation marks omitted]; see Notey v Darien Constr. Corp., 41 NY2d 1055, 1055-1056; US Bank N.A. v Williams, 121 AD3d 1098, 1101-1102; Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948). "Once equity is invoked, the court's power is as broad as equity and justice require" (U.S. Bank N.A. v Losner, 145 AD3d at 938 [internal quotation marks omitted]; see US Bank N.A. v Williams, 121 AD3d at 1102; Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d at 948). Moreover, "[a] wrongdoer should not be permitted to profit from his or her own wrong" (Norwest Bank Minn., NA v E.M.V. Realty Corp., 94 AD3d 835, 836; see Campbell v Thomas, 73 AD3d 103, 116-117). Sometimes referred to as the "Riggs doctrine" (see e.g. Matter of Edwards, 121 AD3d 336, 339), from the seminal case in which a grandson, who had intentionally killed his grandfather in order to ensure his inheritance, was prevented from inheriting under the grandfather's will (see Riggs v Palmer, 115 NY 506, 511), " this fundamental equitable principle'" dictates that " [n]o one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime'" (Campbell v Thomas, 73 AD3d at 116, quoting Riggs v Palmer, 115 NY at 511; see Matter of Covert, 97 NY2d 68, 74). "Pursuant to this doctrine, which has been applied in both civil and criminal cases, the wrongdoer is deemed to have forfeited the benefit that would flow from his or her wrongdoing" (Campbell v Thomas, 73 AD3d at 116). "In determining whether the Riggs doctrine applies to a particular case, the court must examine the facts and circumstances before it, and determine whether the causal link between the wrongdoing and the benefits sought is sufficiently clear that application of the Riggs doctrine will prevent an injustice from occurring" (Matter of Edwards, 121 AD3d at 341-342; see Campbell v Thomas, 73 AD3d at 118).
The question of Rajic's alleged improprieties was relevant to deciding the foreclosure action, as well as Rajic's declaratory judgment action. The Supreme Court had to determine, first, whether Rajic had "engaged in wrongdoing," regardless of whether this issue was previously determined or stipulated to at the end of the proceeding in the Surrogate's Court, and then, "whether the causal link between the wrongdoing and the benefits sought [was] sufficiently clear that application of the Riggs doctrine [would] prevent an injustice from occurring" (Matter of Edwards, 121 AD3d at 342; see Campbell v Thomas, 73 AD3d at 118).
The record supports the Supreme Court's conclusion that, by exercising "undue influence over the decedent," "handling the decedent's financial affairs unscrupulously," and, in effect, obtaining the deed to the decedent's house through fraud, then "accepting a satisfaction of mortgage from the decedent knowing the mortgage was far from being satisfied," Rajic, "[b]y her conduct, . . . forfeited any rights that would flow" from the note and mortgage and from the subsequent satisfaction of mortgage (Campbell v Thomas, 73 AD3d at 118). Accordingly, the court [*3]providently exercised its discretion by determining, in effect, that the 2010 vacatur of the satisfaction of mortgage pursuant to the 2010 stipulation of settlement voided the satisfaction ab initio. The equitable result of the court's order and subsequent judgment was not only to prevent Rajic from benefitting from "any rights that would flow" from the satisfaction (id.), but also to prevent her from continuing to enjoy the property she had acquired " by [her] own crime'" (id. at 116, quoting Riggs v Palmer, 115 NY at 511; see Matter of Covert, 97 NY2d at 74). In any event, where undue influence is found to have existed, the contract that resulted from such undue influence is voided ab initio (see Barclays Bank of N.Y. v Tutter, 137 AD2d 473, 474-475).
We agree with the Supreme Court's determination that the mortgage was accelerated by the respondent's commencement of the foreclosure action in 2010. Once the mortgage was reinstated pursuant to the stipulation, Rajic could not unilaterally rewrite the mortgage and note by reducing the monthly payments. Thus, any checks she tendered after the stipulation of 2010 were properly rejected by the respondent (see First Fed. Sav. Bank v Midura, 264 AD2d 407, 408).
As to the respondent's failure to provide notice of the intent to accelerate and notice of acceleration, the note contains an acceleration clause, "with no requirement of notice and demand" (Bowers v Zaimes, 59 AD2d 803, 804), as well as a clause pursuant to which Rajic specifically waived any right to notice and demand, notice of intent to accelerate, or notice of acceleration. "Consequently, . . . [the respondent] had the right to exercise the acceleration option anytime after [default] without serving a notice of default or demand for payment" (id. at 804), or notice of intent to accelerate or notice of acceleration.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court