Matter of Jiryan S. (2022 NY Slip Op 04514)

Matter of Jiryan S.

2022 NY Slip Op 04514

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.

579 CAF 21-00860

[*1]IN THE MATTER OF JIRYAN S. -- ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; TAMMY (ALSO KNOWN AS TAMARA) D., AND JASON S., RESPONDENTS-APPELLANTS.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT JASON S.
LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT TAMMY (ALSO KNOWN AS TAMARA) D.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELIZABETH SCHENCK, SYRACUSE, ATTORNEY FOR THE CHILD.

 Appeals from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered April 26, 2021 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts finding that respondent Tammy (also known as Tamara) D. permanently neglected the subject child and terminating her parental rights and as modified the order is affirmed without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother and respondent father each appeal from an order entered upon their respective defaults that, inter alia, determined that the subject child had been permanently neglected and terminated their parental rights with respect to that child. The mother and the father each failed to appear at the fact-finding hearing on the petition to terminate their parental rights and, although their attorneys were present at the hearing, neither attorney participated. Each parent's failure to appear constituted a default (see Matter of Hayden A. [Karen A.], 188 AD3d 1759, 1759 [4th Dept 2020]; Matter of Lastanzea L. [Lakesha L.], 87 AD3d 1356, 1356 [4th Dept 2011], lv dismissed in part and denied in part 18 NY3d 854 [2011]), and this Court previously granted petitioner's motion to dismiss the appeals except insofar as the mother or the father raised any issue that was subject to contest in the proceedings in Family Court (Matter of Jiryan S., 2021 NY Slip Op 74536[U] [4th Dept 2021]; see generally Hayden A., 188 AD3d at 1759; Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]), i.e., the court's denial of the attorneys' requests for an adjournment (see Hayden A., 188 AD3d at 1759; Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386-1387 [4th Dept 2019], lv denied 35 NY3d 904 [2020]).
We reject the father's contention that the court abused its discretion in denying his attorney's request for an adjournment (see Matter of Ferratella v Thomas, 173 AD3d 1834, 1835 [4th Dept 2019]; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 745 [2d Dept 2016]; Matter of Wilson v McCray, 125 AD3d 1512, 1513 [4th Dept 2015], lv denied 25 NY3d 908 [2015]). The father's contention that he was constructively denied counsel is not properly before us (see Matter of Nevaeh D.J. [Daniel J.—Janelle J.], 151 AD3d 1867, 1868 [4th Dept 2017]).
We agree with the mother that the court abused its discretion in denying her attorney's request for an adjournment. The mother had not previously requested an adjournment, and there was no indication in the record that an adjournment would have adversely affected the child (see Hayden A., 188 AD3d at 1760; Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]). Further, the mother was experiencing COVID-like symptoms and, under the court's own rules, she was prohibited from entering the courthouse (cf. Ramere D., 177 AD3d at 1387). We therefore vacate those parts of the order determining that the mother permanently neglected the subject child and terminating her parental rights, and we remit the matter to Family Court for further proceedings on the petition against the mother.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court