Matter of Dupont v Armstrong (2022 NY Slip Op 04509)

Matter of Dupont v Armstrong

2022 NY Slip Op 04509

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

570 CAF 21-00626

[*1]IN THE MATTER OF ANDREW R. DUPONT, PETITIONER-RESPONDENT,
v
ERIKA K. ARMSTRONG, RESPONDENT-APPELLANT. 

KEEM APPEALS, PLLC, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT.
COHEN & COHEN, UTICA (RICHARD A. COHEN OF COUNSEL), FOR PETITIONER-RESPONDENT. 
KACIE M. CROUSE, UTICA, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered March 26, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner primary residential custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: In this Family Court Act article 6 proceeding, respondent mother appeals from an order that, inter alia, granted petitioner father's petition seeking to modify a prior order entered on consent by transferring primary residential custody of the parties' child from the mother to the father. Approximately one week prior to the hearing on the father's petition, the mother's attorney informed Family Court that there had been a breakdown in her attorney-client relationship with the mother, as a result of which she was no longer representing the mother, and she requested an adjournment of the hearing. On the morning of the hearing, the court failed to make any inquiry of the mother concerning the fact that her attorney was not present at the hearing, nor did the court make any mention of the attorney's adjournment request. The mother herself then sought an adjournment and confirmed to the court that there had been a fundamental breakdown in the relationship with her attorney. The mother explained that she had spoken to, and scheduled a meeting with, a new attorney and that the new attorney could not be present due to a preexisting obligation. The court denied her request, and required the mother to proceed pro se through the conclusion of the hearing.
We agree with the mother that the court abused its discretion in denying her request to adjourn the hearing (see Daming Zhu v Ye Cheng, 142 AD3d 1365, 1365 [4th Dept 2016]; Matter of Bobi Jo B. v Jerry L.W., 45 AD3d 1382, 1383 [4th Dept 2007]; cf. Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1693 [4th Dept 2016]). The record establishes that the mother's request was not a delay tactic and did not result from her lack of diligence in retaining new counsel (see Bobi Jo B., 45 AD3d at 1383). Moreover, the request was the mother's first request for an adjournment in the matter (see Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]). We therefore reverse the order and remit the matter to Family Court for a new hearing on the petition. Pending the court's determination upon remittal, the custody and visitation provisions in the order appealed from shall remain in effect (see Daming Zhu, 142 AD3d at 1366).
In light of our determination, we do not reach the mother's remaining contentions.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court