Matter of Castro v Rios-Osorio (2025 NY Slip Op 04407)

Matter of Castro v Rios-Osorio

2025 NY Slip Op 04407

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

554 CAF 24-00520

[*1]IN THE MATTER OF ANDREINA CASTRO, PETITIONER-RESPONDENT-RESPONDENT,
v
GIOVANNI RIOS-OSORIO, RESPONDENT-PETITIONER-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.
THOMAS L. PELYCH, HORNELL, FOR PETITIONER-RESPONDENT-RESPONDENT. 
ELIZABETH SCHENCK, SYRACUSE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered March 11, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner-respondent sole legal and physical custody of the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent-petitioner challenges the denial of his request for an adjournment, the order is reversed on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner father appeals from an order that, among other things, effectively granted the petition of petitioner-respondent mother by awarding her sole legal and physical custody of the subject child and effectively denied the father's cross-petition seeking custody of the child. Contrary to the father's contention, we conclude that the order was properly entered on his default (see Sarlo-Pinzur v Pinzur, 59 AD3d 607, 607 [2d Dept 2009]; see generally Matter of Reardon v Krause, 219 AD3d 1710, 1711-1712 [4th Dept 2023], lv denied 41 NY3d 905 [2024]).
"[N]otwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from [such an] order [or judgment] brings up for review those 'matters which were the subject of contest' before the [trial court]" (Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]). Thus, in this appeal, review is limited to the father's contention that Family Court abused its discretion in denying his request for an adjournment (see Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386-1387 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Martin v Martin, 121 AD3d 693, 693-694 [2d Dept 2014], lv denied 26 NY3d 911 [2015]).
We agree with the father that "the court abused its discretion in denying [his] request for an adjournment" (Matter of Jiryan S. [Tammy D.], 207 AD3d 1247, 1248-1249 [4th Dept 2022], lv denied 39 NY3d 903 [2022]). The father "personally appeared at all prior proceedings, and . . . the request for an adjournment was the [father's] first" (Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]; see Matter of Nicole J., 71 AD3d 1581, 1582 [4th Dept 2010]). Moreover, the father's request was not a delay tactic and did not result from his lack of diligence (see Matter of Dupont v Armstrong, 207 AD3d 1242, 1243 [4th Dept 2022]; Daming Zhu v Ye Cheng, 142 AD3d 1365, 1365 [4th Dept 2016]). Indeed, the father was incarcerated at the time that he made the adjournment request and, as a result of his incarceration, he had not [*2]been in recent contact with his attorney or been able to recover important evidence from a cell phone. We therefore reverse the order and remit the matter to Family Court for a new hearing on the mother's petition and the father's cross-petition.
The remaining contentions raised by the father are not reviewable on appeal from the order entered upon his default because they were not the subject of contest before the court (see Reardon, 219 AD3d at 1713; Matter of Larae L. [Heather L.], 202 AD3d 1454, 1455 [4th Dept 2022], lv denied 38 NY3d 907 [2022]; but see Matter of Sims v Boykin, 130 AD3d 835, 835-836 [2d Dept 2015]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court