In the Matter of DAVID A.A., Respondent, v MARYANN A., Appellant. [837 NYS2d 479]—

Appeal from an order of the Family Court, Livingston County (Ronald A. Cicoria, J.), entered September 6, 2005 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner's motion for a default order and awarded sole legal custody of the parties' child to petitioner and visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, petitioner's motion is denied and the matter is remitted to Family Court, Livingston County, for a hearing on the petition.

Memorandum: Family Court erred in granting petitioner's motion for a default order awarding sole legal custody of the parties' child to petitioner. Respondent's failure to appear at the hearing on the petition does not automatically constitute a default (*see Matter of Shemeco D.*, 265 AD2d 860 [1999]; *Matter of Kwasi S.*, 221 AD2d 1029 [1995]), particularly "where, as here, respondent[ ] did appear by [her] assigned counsel who objected to petitioner's default motion and who, given the opportunity, could have proceeded to a hearing and defended [her] absent client[ ]" (*Matter of Cassandra M.*, 260 AD2d 961, 963 [1999]). Moreover, "[u]nless there is sufficient evidence before the court to enable it to undertake a comprehensive independent review of the child[ ]'s best interests . . . , a determination of a custody matter should only be made after a full evidentiary hearing" (*Miller-Glass v Glass*, 237 AD2d 723, 724 [1997]). The record does not contain sufficient evidence supporting the award of sole legal custody to petitioner. We therefore reverse the or-

der, deny petitioner's motion and remit the matter to Family Court for a hearing on the petition. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.