Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered May 30, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the parties’ children.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for a hearing on the petition.
Memorandum: Respondent mother appeals from an order modifying a prior order of joint custody by awarding petitioner father sole custody of the parties’ children, with visitation to the mother. We agree with the mother that Family Court erred in entering the order upon “default” based on her failure to appear in court. The record establishes that the mother was represented by counsel, and we have previously determined that, “[wjhere a party fails to appear for a hearing but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded” (Matter of Kwasi S., 221 AD2d 1029, 1030 [1995]; see also Matter of David A.A. v Maryann A., 41 AD3d 1300 [2007]; Matter of Shemeco D., 265 AD2d 860 [1999]).
We further agree with the mother that the court erred in modifying the prior order without conducting a hearing. “ ‘Determinations affecting custody and visitation should be made following a full evidentiary hearing, not on the basis of conflicting allegations’ ” (Matter of Kenneth M. v Monique M., 48 AD3d 1174, 1174-1175 [2008]). Based upon the record before us, we are unable to determine whether the court “possessed sufficient information to render an informed determination that was consistent with the child[ren]’s best interests” (Matter of Almasi v Bauer, 27 AD3d 1155, 1156 [2006] [internal quotation marks omitted]) and, indeed, the record is devoid of any indication that the court even considered the children’s best interests. We therefore reverse the order and remit the matter to Family Court for a hearing on the petition. We note that, pending a new determination, the custody order entered October 6, 2005, as amended by the order entered September 12, 2006, remains in effect. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.