■ In the Matter of Edward F. Handibode, Jr., Respondent, v Helen Martensen, Appellant. [900 NYS2d 879]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated February 19, 2009, which, after an inquest held upon her default in appearing in opposition to the father's petition to modify the custody provisions of a stipulation of settlement dated June 4, 1998, which was incorporated but not merged into a judgment of divorce of the same court (Tanenbaum, J.), dated August 7, 1998, granted the petition and awarded the father sole legal and physical custody of the subject child, and declined to award her visitation.

Ordered that the appeal is dismissed, without costs or disbursements.

The mother did not appear at an inquest held upon her default in appearing in opposition to the father's petition to modify the custody provisions of a stipulation of settlement, and her attorney did not participate therein. Accordingly, the order granting the petition to modify the existing custody arrangement, and declining to award visitation to the mother, was entered on the mother's default and is not appealable by her (see CPLR 5511; Matter of Joseph Kenneth B., 47 AD3d 809 [2008]; Pinchas v Pinchas, 19 AD3d 673, 673-674 [2005]; Circelli v Goodman, 262 AD2d 519 [1999]; Matter of McConnell v Montagriff, 233 AD2d 512, 512-513 [1996]). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.