■ In the Matter of JAYLEN DERRICK JERMAINE A., a Child Alleged to be Abandoned and/or Permanently Neglected. SAMUEL K., Appellant; GRAHAM WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent. [5 NYS3d 370]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about November 19, 2013, insofar as it determined that respondent father Samuel K. had abandoned and permanently neglected the subject child, unanimously affirmed, without costs, and the appeal therefrom otherwise dismissed.

The finding of abandonment is supported by clear and

convincing evidence that the father failed for the relevant time period to visit with the child, although he was able to do so and was not prevented or discouraged from doing so by petitioner agency (*see* Social Services Law § 384-b [4] [b]; [5] [a]). The record shows that the agency advised the father that it would help make arrangements and pay for the father's visits to the child's school. The father's minimal contacts with the agency and the school are insufficient to preclude a finding of abandonment (*see Matter of Jasiaia Lew R. [Aylyn R.]*, 101 AD3d 568, 569 [1st Dept 2012]). The paternal grandmother's communication with the agency and the school may not be attributed to the father (*see Matter of Andre W.*, 298 AD2d 206, 206 [1st Dept 2002]).

The finding of permanent neglect is supported by clear and convincing evidence (*see* Social Services Law § 384-b [7]). The agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, encouraging the father to maintain contact with the child through letters and telephone contact, as well as offering financial assistance to the father to facilitate visitation (*see* § 384-b [7] [f]). Despite these efforts, however, the father failed to maintain contact with the child or plan for the child's future. For instance, the father failed to obtain suitable housing, demonstrate any understanding of the child's special needs, or respond to the agency's requests for authorization for medical and dental care for the child, which resulted in the child's failure to receive necessary dental care and medication (*see* § 384-b [7] [c]).

No appeal lies from the dispositional portion of the order, since the father defaulted at the dispositional hearing (*see Matter of Jaquan Tieran B. [Latoya B.]*, 105 AD3d 498, 499 [1st Dept 2013]). The court properly deemed the father to be in default, given his nonappearance and his attorney's representation that he would not be participating in the father's absence (*id.*). Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.