█ In the Matter of JAMIE T. CLAUSELL, Respondent, v FLOR A. SALAME, Appellant. [65 NYS3d 873]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.H.O.), entered April 27, 2016 in a proceeding pursuant to Family Court Act article 8. The order, inter alia, required respondent to remain at least 500 feet from petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection requiring her, inter alia, to remain at least 500 feet from petitioner at all times and to refrain from any communication with petitioner. Initially, we agree with respondent that Family Court erred in disposing of the matter on the basis of respondent's purported default. " 'A party who is represented at a scheduled court appearance by an attorney has not failed to appear' " (*Matter of Isaiah H.*, 61 AD3d 1372, 1373 [4th Dept 2009]). Here, while respondent was not present at the hearing, her counsel participated in the hearing by, inter alia, cross-examining petitioner. We therefore deem it appropriate to address respondent's substantive contentions raised on appeal (*see generally Matter of Cameron B. [Nicole C.]*, 149 AD3d 1502, 1503 [4th Dept 2017]).

We reject respondent's contention that the court abused its discretion in denying her request for an adjournment of the hearing. The decision whether to grant a request for an

adjournment rests in the sound discretion of the court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]). The record reflects that respondent was avoiding service of the summons to appear in the proceeding, thereby rendering it necessary for the court to ask the police to serve respondent therewith. Moreover, on the morning of the scheduled hearing, respondent conveyed misleading information to the court and gave inconsistent excuses why she could not be present. Under those circumstances, we cannot conclude that the court abused its discretion in refusing to adjourn the hearing (*see Steven B.*, 6 NY3d at 889; *Anthony M.*, 63 NY2d at 283-284). Respondent's claim that the court was acting out of bias when it refused to grant the adjournment is not preserved for our review (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2d Dept 2015]).

Finally, we conclude that petitioner established by a preponderance of the evidence that respondent committed the family offense of aggravated harassment in the second degree (*see Matter of Whitney v Judge*, 138 AD3d 1381, 1383 [4th Dept 2016], *lv denied* 27 NY3d 911 [2016]; *see also* Penal Law § 240.30 [1] [a]). The record evidence, consisting of the testimony of petitioner and petitioner's mother, established that respondent "communicate[d] . . . threat[s] [of] physical harm to" petitioner (§ 240.30 [1] [a]). Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.