Matter of Paliani v Selapack (2019 NY Slip Op 09170)





Matter of Paliani v Selapack


2019 NY Slip Op 09170


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1156 CAF 18-01010

[*1]IN THE MATTER OF NICHOLAS PALIANI, PETITIONER-RESPONDENT,
v
STEPHANIE SELAPACK, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BRIDGET L. FIELD, ROCHESTER, FOR PETITIONER-RESPONDENT.
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered April 25, 2018 in a proceeding pursuant to Family Court Act article 8. The order granted an order of protection. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order of protection issued in a proceeding pursuant to Family Court Act article 8 upon a finding that she committed a family offense. In appeal No. 2, the mother appeals from an order entered in a custody proceeding pursuant to Family Court Act article 6 determining that she willfully violated an order of custody. Both orders provided that the mother would have only supervised visitation with the subject child.
With respect to appeal No. 1, we reject the mother's contention that petitioner father failed to establish by a preponderance of the evidence that the mother committed the family offense of aggravated harassment in the second degree (see Matter of Clausell v Salame, 156 AD3d 1401, 1402 [4th Dept 2017]; Matter of Parameswar v Parameswar, 109 AD3d 473, 474 [2d Dept 2013]; see also Family Ct Act § 832; Penal Law § 240.30 [1] [a]). The father testified that, after Family Court issued a decision granting him sole custody of the child, the mother called him and told him that if he took the child away from her, she would kill herself and the child. While the mother denied the allegation, the court found that her testimony was not credible and credited the testimony of the father. The court's "assessment of the credibility of the witnesses is entitled to great weight" (Matter of Danielle S. v Larry R.S., 41 AD3d 1188, 1189 [4th Dept 2007]), and we conclude that the record supports the court's credibility determinations and its determination that the father met his burden on the family offense petition (see Matter of Martin v Flynn, 133 AD3d 1369, 1370 [4th Dept 2015]).
Contrary to the mother's contention in appeal No. 2, we conclude that the father established by clear and convincing evidence that the mother willfully violated the custody order by failing to notify the father of medical issues involving the child "as soon as reasonably possible," as provided in the custody order (see Matter of Tarrant v Ostrowski, 96 AD3d 1580, 1580-1581 [4th Dept 2012], lv denied 20 NY3d 855 [2013]; see generally Matter of Palazzolo v Giresi-Palazzolo, 138 AD3d 866, 867 [2d Dept 2016]). As in appeal No. 1, there is a sound and substantial basis to support the court's credibility determinations (see Tarrant, 96 AD3d at 1580-1581; Matter of Wojcik v Newton [appeal No. 2], 11 AD3d 1011, 1012 [4th Dept 2004]).
With respect to both appeals, we reject the mother's contention that the court erred in [*2]directing that her visitation be supervised. The determination "whether visitation should be supervised is a matter left to [the c]ourt's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [4th Dept 2010], lv denied 16 NY3d 701 [2011] [internal quotation marks omitted]; see Matter of Talbot v Edick, 159 AD3d 1406, 1407 [4th Dept 2018]). The court's determination has the requisite support in the record inasmuch as the record establishes that the mother's behavior, including threatening and making disparaging remarks about the father and attempting to limit his involvement with the child, was harmful to the child's relationship with the father and thus that supervised visitation with the mother was in the best interests of the child (see Matter of Watson v Maragh, 156 AD3d 801, 802-803 [2d Dept 2017]; Matter of Stewart v Stewart, 56 AD3d 1218, 1218-1219 [4th Dept 2008]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court