Matter of Tony U. v Amy J.P. (2020 NY Slip Op 00221)





Matter of Tony U. v Amy J.P.


2020 NY Slip Op 00221


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10752

[*1] In re Tony U., Petitioner-Appellant,
v
Amy J.P., et al., Respondents-Respondents.


Blank Rome LLP, New York (Lois J. Liberman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about December 5, 2017, which denied petitioner father's objections to an order, same court (Serena Rosario, Support Magistrate), entered on or about June 7, 2017, after a hearing, denying his motion to vacate a prior order, dated July 20, 2016, which dismissed his petition for a downward modification of child support due to his failure to appear, unanimously affirmed, without costs.
A party seeking to vacate a default order must demonstrate both a reasonable excuse and a potentially meritorious defense or claim (CPLR 5015[a][1]; Matter of Messiah G. [Giselle F.], 168 AD3d 420, 420 [1st Dept 2019], lv dismissed in part, denied in part 32 NY3d 1212 [2019]). The father failed to demonstrate that he had a potentially meritorious claim for downward modification of the support order based on a medical disability or the child's emancipation. Although the father had been given multiple adjournments over the course of a year to obtain certified medical records and other competent evidence in support of his petition, he still had not obtained such evidence and was not ready to proceed on the day the proceeding was dismissed, even though the matter had been marked final for trial that day.
In denying the father's objections, the Family Court properly declined to consider the child's affidavit, certified medical records, and a financial disclosure affidavit, which had not been submitted with the motion to vacate the default or during the oral argument, and were presented for the first time with the objections (see Matter of Loveless v Goldbloom, 141 AD3d 662, 663 [2d Dept 2016]; Matter of Carene S. v Kendall S., 96 AD3d 767, 768 [2d Dept 2012]).
The denial of the requested adjournment was a provident exercise of discretion by the Family Court (see Matter of Steven B., 6 NY3d 888, 889 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK