Matter of Tyrone O. (Lillian G.) (2021 NY Slip Op 06264)





Matter of Tyrone O. (Lillian G.)


2021 NY Slip Op 06264


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


887 CAF 20-00635

[*1]IN THE MATTER OF TYRONE O. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; LILLIAN G., RESPONDENT-APPELLANT, AND MAPLE O., RESPONDENT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSHUA E. LAROCK OF COUNSEL), FOR PETITIONER-RESPONDENT.
CHARLES E. LUPIA, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered March 5, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents' parental rights with respect to the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent Lillian G. challenges the denial of her attorney's request for an adjournment, and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order, entered upon her default that, inter alia, adjudicated the subject child to be permanently neglected, terminated the mother's parental rights, and transferred custody of the child to petitioner. The order was entered following fact-finding and dispositional hearings at which the mother failed to appear and in which her attorney, although present, elected not to participate (see Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Makia S. [Catherine S.], 134 AD3d 1445, 1445-1446 [4th Dept 2015]). Where, as here, the order appealed from is made upon a respondent's default, "review is limited to matters which were the subject of contest below" (Ramere D., 177 AD3d at 1386 [internal quotation marks omitted]). Thus, review is limited to the denial of the request of the mother's attorney for an adjournment (see Matter of Hayden A. [Karen A.], 188 AD3d 1759, 1759 [4th Dept 2020]; Ramere D., 177 AD3d at 1386-1387). Contrary to the mother's contention, Family Court did not abuse its discretion in denying that request inasmuch as the mother's attorney offered nothing beyond a "vague and unsubstantiated claim that the [mother] could not appear" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011] [internal quotation marks omitted]) and the mother had a history of failing to appear (see Matter of Wilson v McCray, 125 AD3d 1512, 1513 [4th Dept 2015], lv denied 25 NY3d 908 [2015]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court