Matter of Larae L. (Heather L.) (2022 NY Slip Op 00770)





Matter of Larae L. (Heather L.)


2022 NY Slip Op 00770


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.


118 CAF 20-00943

[*1]IN THE MATTER OF LARAE L. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT;
and
HEATHER L., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSEPH M. MARZOCCHI OF COUNSEL), FOR PETITIONER-RESPONDENT. 
CATHERINE M. SULLIVAN, OSWEGO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered March 9, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order, entered upon her default, that, inter alia, adjudicated the subject child to be permanently neglected, terminated the mother's parental rights, and transferred custody of the child to petitioner. Preliminarily, contrary to the contention of the Attorney for the Child, the mother properly served and timely filed her notice of appeal (see Family Ct Act §§ 1113, 1115; Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8], Executive Order [A. Cuomo] No. 202.67 [9 NYCRR 8.202.67]; cf. Matter of Fraser v Fraser, 185 AD3d 1444, 1444-1445 [4th Dept 2020]). Nonetheless, the order appealed from was entered following a fact-finding and dispositional hearing at which the mother failed to appear and in which her attorney, although present, elected not to participate. The order was thus entered upon the mother's default (see Matter of Tyrone O. [Lillian G.], 199 AD3d 1386, 1387 [4th Dept 2021]; Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Makia S. [Catherine S.], 134 AD3d 1445, 1445-1446 [4th Dept 2015]). Consequently, in this Court's prior order in response to petitioner's motion, we dismissed the mother's appeal except insofar as the mother challenges the denial of her attorney's request for an adjournment or raises any other issue that was the subject of contest before Family Court (see Tyrone O., 199 AD3d at 1387; Ramere D., 177 AD3d at 1386). Contrary to the mother's contention, we conclude that the court did not abuse its discretion in denying her attorney's request for an adjournment (see Tyrone O., 199 AD3d at 1387; Matter of John D., Jr. [John D.], 199 AD3d 1412, 1413 [4th Dept 2021]; see generally Family Ct Act § 1048 [a]). The remaining issue raised by the mother is not reviewable on appeal from the order entered upon her default because it was not a subject of contest before the court (cf. Matter of Dinunzio v Zylinski, 175 AD3d 1079, 1080-1082 [4th Dept 2019]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court