Matter of Darlene H. v Abdus R. (2022 NY Slip Op 02639)

Matter of Darlene H. v Abdus R.

2022 NY Slip Op 02639

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Docket No. V-35607-18/18A, V-35607-18/18B, V-35607-18/19C, O-35606/18, O-00525-19 Appeal No. 15761-15761A Case No. 2021-01139, 2021-01138, 2021-01137 

[*1]In the Matter of Darlene H., Petitioner-Respondent,
v
Abdus R. Respondent-Appellant.
In the Matter of Abdus R., Petitioner-Appellant,
v
Darlene H., Respondent-Respondent. Dkt. Nos. Case Nos.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Bruce A. Young, Brooklyn, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.

Orders, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about March 8, 2021, on respondent father's default, to the extent they, in effect, denied the father's request for an adjournment, unanimously affirmed, without costs.
No appeal lies from an order entered on default (CPLR 5511; see Matter of Derick B. v Catherine L., 155 AD3d 511, 512 [1st Dept 2017]). However, the denial of father's request for an adjournment is appealable because that request was "the subject of contest below" (see James v Powell, 19 NY2d 249, 256 n 3 [1967]).
Family Court providently exercised its discretion in denying the father's request for an adjournment when he failed to appear by video for a continuation of his testimony on his petition (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Tony U. v Amy J.P., 179 AD3d 467, 467 [1st Dept 2020]). The matter had already been adjourned for four months at the father's request, after extended delay due to the pandemic, and further protraction of the custody and visitation aspects of the proceedings was not in the child's best interests (see Matter of Nautica Skyy W. [Amber NY-Cole W.], 198 AD3d 589, 589 [1st Dept 2021]). Furthermore, the father had been warned of the consequences of failing to appear by video and was given ample time to find access to a computer or other device that would permit him to participate by video (see Matter of William Jamal W. [Marjorie C.], 89 AD3d 502, 502 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022