Matter of Reardon v Krause (2023 NY Slip Op 04880)

Matter of Reardon v Krause

2023 NY Slip Op 04880

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

696 CAF 22-00161

[*1]IN THE MATTER OF CHARLES REARDON, PETITIONER-RESPONDENT,
v
CYNTHIA KRAUSE, RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret A. Logan, R.), entered December 7, 2021, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of her attorney's request for an adjournment, and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order entered upon her default that, inter alia, awarded petitioner father sole custody of the subject child, with supervised visitation to the mother. The mother contends that Family Court erred in entering the order upon her default after she appeared for the virtual evidentiary hearing on the father's petition by telephone rather than by videoconference because the court had not clearly directed her to appear visually and her attorney appeared at the hearing. We reject that contention.
Subject to limited exceptions not applicable here, a party "may prosecute or defend a civil action in person or by attorney," including such an action in Family Court (CPLR 321 [a] [emphasis added]; see Family Ct Act § 165 [a]; Matter of Kwasi S., 221 AD2d 1029, 1030 [4th Dept 1995]; Merril Sobie, Prac Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 165). Thus, a party's "failure to appear [in person] at the hearing on [a] petition does not automatically constitute a default" (Matter of David A.A. v Maryann A., 41 AD3d 1300, 1300 [4th Dept 2007]; see e.g. Matter of Bailey v Bailey, 213 AD3d 1329, 1329 [4th Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]; Matter of Daniels v Davis, 140 AD3d 1688, 1688 [4th Dept 2016]; see generally CPLR 3215 [a]). Nonetheless, a party's failure to appear may, under certain circumstances, constitute a default, particularly where the party's attorney, although present, declines to participate in the hearing in the party's absence and instead elects to stand mute (see Matter of Bianca F. [Terrald F.], 191 AD3d 1491, 1491 [4th Dept 2021], lv denied 37 NY3d 901 [2021]; Matter of Lastanzea L. [Lakesha L.], 87 AD3d 1356, 1356 [4th Dept 2011], lv dismissed in part & denied in part 18 NY3d 854 [2011]; cf. Matter of Clausell v Salame, 156 AD3d 1401, 1401 [4th Dept 2017]; Cameron B., 149 AD3d at 1503; see also Matter of Jaylen Derrick Jermaine A. [Samuel K.], 125 AD3d 535, 536 [1st Dept 2015]; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [3d Dept 2011], lv denied 16 NY3d 711 [2011]; Matter of Handibode v Martensen, 71 AD3d 1145, 1145 [2d Dept 2010], lv denied 15 NY3d 703 [2010]).
Here, the record establishes that, during a pretrial conference weeks in advance of the scheduled hearing, the court advised the mother that she needed to appear virtually "via the [*2][Microsoft] Teams link" to avoid the prospect of default and the mother, after initially expressing discomfort with appearing visually as opposed to telephonically only, subsequently confirmed her understanding that she was required to "appear via videoconference" for the hearing. The mother was even offered the opportunity to appear visually via computer from a kiosk in the courthouse where her attorney would also be physically present. We thus conclude that, contrary to the mother's assertion, she was adequately "warned of the consequences of failing to appear by video and was given ample time to find access to a computer or other device that would permit [her] to participate by video" (Matter of Darlene H. v Abdus R., 204 AD3d 550, 551 [1st Dept 2022], lv denied 38 NY3d 911 [2022]).
On the date of the hearing, however, the mother did not appear visually, either via videoconference or from a computer in a kiosk at the courthouse; rather, the mother called into the proceeding by telephone. Although the mother initially complained of technical difficulties with her cell phone in her attempts to connect to the videoconference, she also conveyed that her preference was to appear at the hearing via telephone only, to which the court responded by explaining that it needed to see her in order to adequately assess her credibility (see Matter of Ferguson v LeClair, 191 AD3d 1380, 1380 [4th Dept 2021], appeal dismissed 37 NY3d 926 [2021]). The court afforded the mother an opportunity to confer with her attorney to address her failure to appear in the manner required and, upon returning to the videoconference, the mother's attorney indicated that the mother was unable to resolve the purported technical difficulties and requested an adjournment. The court, concluding that the mother had adequate warning that she needed to appear visually at the hearing and ample time to ensure that she could so appear, denied the request for an adjournment and determined that it would proceed by inquest. Inasmuch as the mother's attorney, although present, thereafter declined to participate in the inquest in the mother's absence and instead elected to stand mute, we conclude that the court properly determined that the mother's failure to appear in the manner required constituted a default (see Lastanzea L., 87 AD3d at 1356; cf. Bianca F., 191 AD3d at 1491; Cameron B., 149 AD3d at 1503; see also Naomi KK., 80 AD3d at 835; Handibode, 71 AD3d at 1145).
"[N]otwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from [such an] order [or judgment] brings up for review those 'matters which were the subject of contest' before the [trial court]" (Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]). Thus, in this appeal, review is limited to the mother's contention that the court abused its discretion in denying her attorney's request for an adjournment (see Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386-1387 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Martin v Martin, 121 AD3d 693, 693-694 [2d Dept 2014], lv denied 26 NY3d 911 [2015]). We reject that contention. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (Matter of Steven B., 6 NY3d 888, 889 [2006]). Here, the mother's attorney "failed to demonstrate that the need for the adjournment . . . was not based on a lack of due diligence on the part of the mother or her attorney" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; see Matter of Grice v Harris, 114 AD3d 1276, 1276 [4th Dept 2014]; see generally Steven B., 6 NY3d at 889). Indeed, the record supports the court's determination that the mother had been adequately warned of the consequences of failing to appear visually at the virtual hearing and was afforded ample time to find access to a computer or other functional device that would permit her to participate via videoconference (see Darlene H., 204 AD3d at 551). Consequently, we conclude that the court did not abuse its discretion in denying the mother's request for an adjournment (see Grice, 114 AD3d at 1276).
Finally, the remaining issue raised by the mother is not reviewable on appeal from the order entered upon her default because it was not a subject of contest before the court (see Matter of Larae L. [Heather L.], 202 AD3d 1454, 1455 [4th Dept 2022], lv denied 38 NY3d 907 [2022]; cf. DiNunzio, 175 AD3d at 1080-1082).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court