Matter of Jayden M. (Carlos M.) (2025 NY Slip Op 02490)

Matter of Jayden M. (Carlos M.)

2025 NY Slip Op 02490

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

282 CAF 24-00294

[*1]IN THE MATTER OF JAYDEN M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CARLOS M., RESPONDENT-APPELLANT. 

SALCEDO APPEALS PLLC, BUFFALO (STEVEN B. SALCEDO OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MADISON OZZELLA, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (REBECCA L. CONSIDINE OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), dated September 29, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of his attorney's request for an adjournment, and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudicated the subject child to be permanently neglected by the father and terminated the father's parental rights. As a preliminary matter, we agree with the father that the appeal should not be dismissed as untimely. Inasmuch as the record and information before us "indicate that the [father] may have been served the order[ ] by [Family Court] via email only, which is not a method of service provided for in Family Court Act § 1113, and the record does not otherwise demonstrate that [he] was served by any of the methods authorized by the statute," we cannot determine when, if ever, the time to take the appeal began to run, and thus it cannot be said that the father's appeal is untimely (Matter of Bukowski v Florentino, 210 AD3d 1520, 1521 [4th Dept 2022]; see Matter of Robert M. v Barbara L., 227 AD3d 141, 144 [3d Dept 2024]; Matter of Grayson S. [Thomas S.], 209 AD3d 1309, 1310-1311 [4th Dept 2022]).
We nonetheless reject the father's further contention that the order was not entered upon his default. Subject to limited exceptions not applicable here, a party "may prosecute or defend a civil action in person or by attorney," including such an action in Family Court (CPLR 321 [a] [emphasis added]; see Family Ct Act § 165 [a]; Matter of Kwasi S., 221 AD2d 1029, 1030 [4th Dept 1995]; Merril Sobie, Prac Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 165). Thus, it is well established that a party's "failure to appear [in person] at the hearing on [a] petition does not automatically constitute a default" (Matter of David A.A. v Maryann A., 41 AD3d 1300, 1300 [4th Dept 2007]; see Matter of Gabriel VV. [Joni TT.], — AD3d &mdash, &mdash, 2025 NY Slip Op 01412, *1 [3d Dept 2025]; Matter of Yakov T. v Tracy S., 227 AD3d 633, 633 [1st Dept 2024]; Matter of O'Leary v Frangomihalos, 89 AD3d 948, 949 [2d Dept 2011]). We have held, consistent with that principle, that in the absence of additional circumstances, " '[w]here a party fails to appear [in court on a scheduled date] but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded' " (Matter of Pollard v Pollard, 63 AD3d 1628, 1628 [4th Dept 2009], quoting Kwasi S., 221 AD2d at 1030; see e.g. Matter of Bailey v Bailey, 213 AD3d 1329, 1329 [4th Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Hilton v Hilton, 173 AD3d 1674, 1674 [4th Dept 2019]; Matter of [*2]Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]). We have nonetheless clarified that "a party's failure to appear may, under certain circumstances, constitute a default, particularly where the party's attorney, although present, declines to participate in the hearing in the party's absence and instead elects to stand mute" (Matter of Reardon v Krause, 219 AD3d 1710, 1711 [4th Dept 2023], lv denied 41 NY3d 905 [2024]; see Matter of Bianca F. [Terrald F.], 191 AD3d 1491, 1491 [4th Dept 2021], lv denied 37 NY3d 901 [2021]; Matter of Lastanzea L. [Lakesha L.], 87 AD3d 1356, 1356 [4th Dept 2011], lv dismissed in part & denied in part 18 NY3d 854 [2011]; cf. Matter of Clausell v Salame, 156 AD3d 1401, 1401 [4th Dept 2017]; Cameron B., 149 AD3d at 1503). As we previously suggested (see Reardon, 219 AD3d at 1711), the other Appellate Division departments have applied the same rule (see e.g. Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563, 564 [2d Dept 2023]; Matter of Jaylen Derrick Jermaine A. [Samuel K.], 125 AD3d 535, 536 [1st Dept 2015]; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [3d Dept 2011], lv denied 16 NY3d 711 [2011]).
Here, we conclude that the father's refusal to appear at the fact-finding hearing constituted a default (see Matter of Larae L. [Heather L.], 202 AD3d 1454, 1455 [4th Dept 2022], lv denied 38 NY3d 907 [2022]; Matter of Harold L.S. [Harold S.], 89 AD3d 1447, 1447 [4th Dept 2011]). The record establishes that the father, who had a history of intermittent attendance, failed to appear at the fact-finding hearing despite having been made aware of the scheduled court date. The father's attorney initially explained that he had received an email from the father on the morning of the fact-finding hearing in which the father indicated that he lacked transportation. A foster care caseworker further explained, however, that the father had previously expressed his preference to skip the scheduled court date concerning his parental rights to the child rather than reschedule a conflicting appointment regarding a benefits program application. When the caseworker spoke with the father on the morning of the fact-finding hearing to offer him transportation to court, the father responded with an expletive-filled diatribe expressing his displeasure with petitioner's caseworkers, emphatically refusing to appear in court, and representing that the parental rights termination proceeding could proceed "by default." The father's attorney, having explained that he was not authorized to proceed in the father's absence, declined to participate in the fact-finding hearing and instead elected to stand mute (see Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403 [4th Dept 2016]; cf. Matter of Bradley M.M. [Michael M.—Cindy M.], 98 AD3d 1257, 1258 [4th Dept 2012]; see also Larae L., 202 AD3d at 1455). Under these circumstances, as the court indicated in the order and contrary to the father's contention, we conclude that the order was entered upon the father's default (see Larae L., 202 AD3d at 1455; Harold L.S., 89 AD3d at 1447; see also Matter of Corey MM. [Cassandra LL.], 177 AD3d 1119, 1120-1121 [3d Dept 2019]; see generally CPLR 5511). We also note that the record supports the additional conclusion that the father willfully failed to appear at the fact-finding hearing (see Matter of Malachi S. [Michael W.], 195 AD3d 1445, 1446 [4th Dept 2021], lv dismissed 37 NY3d 1081 [2021]; Matter of Scott KK. v Patricia LL., 110 AD3d 1260, 1261 [3d Dept 2013], lv dismissed in part & denied in part 22 NY3d 1054 [2014]; cf. Matter of Kendra M., 175 AD2d 657, 657-658 [4th Dept 1991]).
"[N]otwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from [such an] order [or judgment] brings up for review those 'matters which were the subject of contest' before the [trial court]" (Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Reardon, 219 AD3d at 1712; Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]). Thus, the father's contention that the court abused its discretion in denying his attorney's request for an adjournment is reviewable on this appeal (see Larae L., 202 AD3d at 1455; Matter of John D., Jr. [John D.], 199 AD3d 1412, 1413 [4th Dept 2021], lv denied 38 NY3d 903 [2022]; Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386-1387 [4th Dept 2019], lv denied 35 NY3d 904 [2020]).
We nonetheless reject that contention. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (Matter of Steven B., 6 NY3d 888, 889 [2006]; see Matter of Aniyah J. [Katara J.], 221 AD3d 1472, 1472 [4th Dept 2023]). Here, the father's attorney "failed to demonstrate that the need for the adjournment to [arrange transportation or avoid a scheduling conflict] was not based on a lack of due diligence on the part of the [father] or [his] attorney" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; see Matter of Grice v Harris, 114 AD3d [*3]1276, 1276 [4th Dept 2014]; see generally Steven B., 6 NY3d at 889). Consequently, we conclude that the court did not abuse its discretion in denying the request of the father's attorney for an adjournment (see Matter of Tyrone O. [Lillian G.], 199 AD3d 1386, 1387 [4th Dept 2021], lv denied 38 NY3d 904 [2022]; Grice, 114 AD3d at 1276).
Finally, the remaining issues raised by the father are not reviewable on appeal from the order entered upon his default because neither issue was a subject of contest before the court (see Reardon, 219 AD3d at 1713; Larae L., 202 AD3d at 1455; cf. DiNunzio, 175 AD3d at 1080-1082).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court