Matter of McCants-Baskin v Mack (2025 NY Slip Op 07181)

Matter of McCants-Baskin v Mack

2025 NY Slip Op 07181

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, AND NOWAK, JJ.

919 CAF 24-00126

[*1]IN THE MATTER OF APRIL MCCANTS-BASKIN, PETITIONER-RESPONDENT,
vDOCK ANTONIO MACK, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
HAWTHORNE & VESPER, PLLC, BUFFALO (TINA M. HAWTHORNE OF COUNSEL), FOR PETITIONER-RESPONDENT. 
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD. 
DEBORAH K. JESSEY, CLARENCE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Thomas M. DiMillo, A.J.), dated November 17, 2023, in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent appeals from an order of protection issued in this proceeding pursuant to Family Court Act article 8. After a fact-finding hearing, Family Court determined that respondent committed acts constituting various family offenses (see Family Ct Act § 812 [1]). In appeal No. 2, respondent appeals from an order denying in part his motion to settle the record on appeal in appeal No. 1.
We first address respondent's contention in appeal No. 2. Contrary to respondent's contention, the court did not abuse its discretion in denying in part the motion to settle the record (see Kalbfliesh v McCann, 129 AD3d 1671, 1672 [4th Dept 2015], lv denied 26 NY3d 907 [2015]; see generally Matter of Warren v Planning Bd. of the Town of W. Seneca, 225 AD3d 1248, 1249 [4th Dept 2024]). "[T]he record on appeal is . . . limited to those papers that were before the court in deciding [the petition]" (Chaudhuri v Kilmer, 158 AD3d 1276, 1276 [4th Dept 2018] [internal quotation marks omitted]), and the letters respondent sought to include in the record were never filed with the court or considered by the court in determining the petition.
With respect to appeal No. 1, initially, we note that the court did not specify each of the subsections of the criminal statutes upon which it based its findings. However, upon exercising our independent review power (see Matter of Naas v Wurth, 234 AD3d 1289, 1290 [4th Dept 2025], lv denied 44 NY3d 901 [2025]; Matter of Tara N. P.-T. v Emma P.-T., 204 AD3d 1414, 1415 [4th Dept 2022]; Matter of Telles v DeWind, 140 AD3d 1701, 1701 [4th Dept 2016]), we conclude, contrary to respondent's contention, that the record is sufficient to establish, by a preponderance of the evidence, that respondent committed the family offenses of assault in the third degree under Penal Law § 120.00 (1) (see Matter of Holli H. v Joseph R., 179 AD3d 1522, 1523 [4th Dept 2020]) and criminal mischief in the third degree under section 145.05 (2).
The court's assessment of the credibility of the witnesses is entitled to great weight, and the court's determinations that petitioner was a credible witness and that respondent was not acting in self-defense are supported by the record (see Matter of Mohammed v Mohammed, 174 [*2]AD3d 615, 615-616 [4th Dept 2019]; Matter of Dietzman v Dietzman, 112 AD3d 1370, 1370 [4th Dept 2013]; Matter of Helles v Helles, 87 AD3d 1273, 1274 [4th Dept 2011]). Petitioner testified that, during an altercation, respondent placed his fingers inside her cheeks and ripped her mouth open, causing bleeding. Petitioner further testified that she sought medical attention and was in severe pain for several months. Petitioner's testimony is sufficient to establish that respondent committed the family offense of assault in the third degree, including the element of physical injury (see generally Penal Law § 10.00 [9]; People v Soto, 242 AD3d 1613, 1613-1614 [4th Dept 2025]). Petitioner further testified that respondent broke her television, valued at between $200 and $300, and damaged her apartment, resulting in the loss of her $700 security deposit. Her testimony is sufficient to establish that respondent committed the family offense of criminal mischief in the third degree, including the element of damage in the amount exceeding $250 (see generally § 145.05 [2]; People v Khudan, 187 AD3d 792, 793 [2d Dept 2020], lv denied 36 NY3d 1051 [2021]; People v Towsley, 85 AD3d 1549, 1550 [4th Dept 2011], lv denied 17 NY3d 905 [2011]).
We reject respondent's contention that the court erred in denying his request for an adjournment to call two police officers to testify. It is well settled that the determination whether to grant a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Clausell v Salame, 156 AD3d 1401, 1401-1402 [4th Dept 2017]; Matter of Biles v Biles, 145 AD3d 1650, 1650 [4th Dept 2016]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, 31 AD3d 651, 651 [2d Dept 2006], lv denied 7 NY3d 717 [2006]; see Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1693 [4th Dept 2016], lv denied 28 NY3d 914 [2017]). Here, respondent's attorney "failed to demonstrate that the need for the adjournment . . . was not based on a lack of due diligence on the part of [respondent] or [his] attorney" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]; see Latonia W., 144 AD3d at 1693; Matter of Venditto v Davis, 39 AD3d 555, 555 [2d Dept 2007]). Respondent's attorney had already received one adjournment in order to review the transcript of petitioner's testimony before finishing his direct examination of respondent, and he could have called the officers to testify on the next court date, but failed to do so. We therefore conclude that the court did not abuse its discretion in denying respondent's request for a second adjournment (see Clausell, 156 AD3d at 1401-1402).
We have considered respondent's remaining contentions and conclude that none warrants reversal or modification of the order of protection.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court