Matter of M.S. (Aissatou T.)
2026 NY Slip Op 02804
May 5, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of M.S., A Child Under Eighteen Years of Age, etc., Aissatou T., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: May 05, 2026
Docket No. NA-31221/23|Appeal No. 6530|Case No. 2025-02764|
Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

[*1]
Appeal from order of fact-finding and disposition (one paper), Family Court, Bronx County (Ashley B. Black, J.), entered on or about March 20, 2025, which, upon respondent mother's default, determined that the mother neglected the subject child, unanimously dismissed, without costs, as no appeal lies from an order entered on default. That part of the order which denied the mother's request for an adjournment, unanimously affirmed, without costs.
Generally, no appeal lies from an order entered on default (see CPLR 5511, Matter of Michael T.L. [Schadracia L. — Micka L.], 236 AD3d 519, 520 [1st Dept 2025]). Since the mother's attorney, after consulting with her absent client, elected to remain silent for the final session of the fact finding hearing and did not contest the issues surrounding the mother's use of excessive corporal punishment, the Family Court's neglect finding are not properly before this Court (see Matter of Donald M.P. [Martinique P.], 223 AD3d 671, 671 [2d Dept 2024]; see also Matter of Aminata S. v Ndongo D., 230 AD3d 1078, 1078 [1st Dept 2024]). Were we to review the mother's arguments, we would find that the neglect finding, which was based on a caseworker's testimony describing the mother's use of a wire or cord to strike the child, pictures of line-shaped scars on the child's arms, documentary evidence that the child had swelling behind an ear, and the child's out-of-court statements that the mother frequently used excessive corporal punishment, was amply supported by the evidence (see Matter of Liza F. [Bon F.], 177 AD3d 570, 571 [1st Dept 2019]; Matter of Jayden R. [Jacqueline C.], 134 AD3d 638, 638-639 [1st Dept 2015]).
The denial of the mother's request for an adjournment at the fact-finding hearing is appealable because that request was "the subject of contest below" (see Matter of Darlene H. v Abdus R., 204 AD3d 550, 551 [1st Dept 2022], lv denied 38 NY3d 911 [2022] [internal quotation marks omitted]). Nevertheless, we find that Family Court did not abuse its discretion in denying the adjournment, as the mother's attorney did not provide an adequate excuse for her client's failure to appear at the final session of the fact-finding hearing (see Matter of L.R.E. [LaPorsche E.], 243 AD3d 438, 439 [1st Dept 2025]; Matter of Nautica Skyy W. [Amber NY-Cole W.], 198 AD3d 589, 589 [1st Dept 2021]). Indeed, the denial was justified by the facts that the mother was granted repeated adjournments to explore settlement, visit family in Mali, and address the child's medical issues, and had sufficient notice of the hearing date but chose to travel to visit family again instead of attending the hearing (see Matter of Naethael Makai A. [Adwoa A.], 135 AD3d 438, 439 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2026