Matter of Ronald K. (Ronald K.)
2026 NY Slip Op 03548
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF RONALD K., JR. ------------------------------------------ ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
v
RONALD K., RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
281 CAF 24-01640
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

SALCEDO APPEALS PLLC, UTICA (STEVEN B. SALCEDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
ALICIA ARTIS, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JORDYN PRINCIPALE OF COUNSEL), ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.), entered April 11, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights over the subject child.
[*1]
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of his attorney's request for an adjournment, and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudicated the subject child to be permanently neglected by the father and terminated the father's parental rights. Contrary to the father's contention on appeal, we conclude that his failure to appear at the fact-finding hearing constituted a default under the circumstances of this case, "particularly where the [father's] attorney, although present, decline[d] to participate in the hearing in the [father's] absence and instead elect[ed] to stand mute" (Matter of Reardon v Krause, 219 AD3d 1710, 1711 [4th Dept 2023], lv denied 41 NY3d 905 [2024]; see Matter of Jayden M. [Carlos M.], 237 AD3d 1560, 1561-1562 [4th Dept 2025], lv denied 44 NY3d 902 [2025]). Where, as here, the order appealed from is made upon a respondent's default, " 'review is limited to matters which were the subject of contest below' " (Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; see Matter of Tyrone O. [Lillian G.], 199 AD3d 1386, 1387 [4th Dept 2021], lv denied 38 NY3d 904 [2022]). Thus, review is limited to the denial of the request of the father's attorney for an adjournment (see Matter of Hayden A. [Karen A.], 188 AD3d 1759, 1759 [4th Dept 2020]; Ramere D., 177 AD3d at 1386-1387). Contrary to the father's contention, Family Court did not abuse its discretion in denying that request inasmuch as the father's attorney offered no reason for the father's failure to appear (see Tyrone O., 199 AD3d at 1387).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court